UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHALE STEVE COX,<br><br>                    Petitioner,<br>v.<br><br>STATE OF NEVADA, et al.,<br><br>                    Respondents. | Case No. 3:13-cv-00053-MMD-VPC<br><br>ORDER |

      This habeas matter comes before the Court on petitioner's application to proceed *in forma pauperis* (dkt. no. 1) and for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The Court finds that petitioner is unable to reasonably promptly pay the $5.00 filing fee and therefore will grant the pauper application.

      Turning to initial review, it appears that the petition is subject to dismissal without prejudice because none of the claims therein have been exhausted in the state courts through to the Supreme Court of Nevada. Petitioner therefore will be directed to show cause why the petition should not be dismissed without prejudice for lack of exhaustion.

I.     **BACKGROUND**

      Petitioner Michael Steve Cox does not challenge his underlying conviction in this action. He instead challenges a forfeiture of good time sentencing credit following upon orders by a small claims court and a state district court finding him to be a vexatious litigant. Petitioner has not attached a copy of a state supreme court decision deciding

the claims presented in the federal petition. He alleges that he is unable to do so due to inadequate funds and alleged difficulties in obtaining copies from the prison law library.

Petitioner identifies only one proceeding in the Supreme Court of Nevada, under No. 61444. However, the online docket records of that court reflect that the state supreme court dismissed that appeal for lack of jurisdiction, without deciding any issue on the merits, because petitioner had not appealed an appealable order. The order noted that no statute or court rule authorized an appeal from an order declaring a litigant to be a vexatious litigant unless he complied with a court order. The Court was unable to locate on the docket of the Supreme Court of Nevada where the claims in the federal petition otherwise were exhausted in the state supreme court in a proceeding challenging the forfeiture of good time credit.

## II.  GOVERNING LAW

The Court may raise issues of exhaustion *sua sponte*. *See, e.g., Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988). Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731(1991).

A petition that is completely unexhausted is subject to immediate dismissal. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001).

### III. DISCUSSION

Petitioner has not exhausted any claims in the Supreme Court of Nevada. The appeal in No. 61444 in that court did not exhaust any claims. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (presenting a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special circumstances, does not constitute fair presentation of the claim).

Petitioner therefore must show cause in writing why the petition should not be dismissed as completely unexhausted. The petition will be dismissed without further advance notice if petitioner does not timely respond to this order or fails to demonstrate that the action should not be dismissed without prejudice for lack of exhaustion. Nothing herein signifies either that the claims in the federal petition correspond to any particular claim in the state court proceedings or that the petition otherwise is free of deficiencies. Petitioner at all times remains responsible for calculating the running of the applicable state and federal limitations periods, for timely seeking appropriate relief in the state and federal courts, and for first exhausting state judicial remedies on his federal claims.

### IV. CONCLUSION

IT IS THEREFORE ORDERED that petitioner's application to proceed *in forma pauperis* (dkt. no. 1) is GRANTED to the extent that petitioner shall not be required to pay the $5.00 filing fee.

IT IS FURTHER ORDERED that the Clerk of Court shall file the petition and accompanying motions.

IT IS FURTHER ORDERED that, within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing why the petition should not be dismissed without prejudice for lack of exhaustion. Petitioner shall identify by docket number and date all state supreme court proceedings upon which he bases a claim of exhaustion.

Petitioner further shall attach[1] with his response copies of all state court filings and decisions upon which he relies to establish that the exhaustion requirement has been satisfied as to the claims in the federal petition.

A request for an extension of time to respond will be considered only in the most extraordinary of circumstances. If petitioner submits an unfounded dilatory extension request instead of a response, the action will be dismissed without further advance notice.

DATED THIS 13th day of August 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] While the Court has found that petitioner is unable to promptly pay the filing fee, the financial documents submitted with the pauper application belie petitioner's claim that he is unable to pay for legal copies. Petitioner has sufficient incoming deposits to pay for copies, although he perhaps may have to defer some discretionary store purchases. The Court is not persuaded that there is a generalized problem at Ely State Prison regarding loss of documents submitted for copying.