UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL STEVE COX,<br><br>Petitioner,<br>v.<br><br>STATE OF NEVADA, et al.,<br><br>Respondents. | Case No. 3:13-cv-00053-MMD-VPC<br><br>ORDER |

This habeas matter comes before the Court on its *sua sponte* inquiry into whether the petition is subject to dismissal without prejudice because none of the claims therein have been exhausted in the state courts through to the Supreme Court of Nevada. This order follows upon a prior show-cause order (dkt. no. 4) and petitioner's response (dkt. no. 8) thereto.

**I.    BACKGROUND**

Petitioner Michael Steve Cox does not challenge his underlying conviction in this action. He instead challenges a forfeiture of good time sentencing credit following upon orders by a small claims court and a state district court finding him to be a vexatious litigant.

In the petition, Cox identified only one proceeding in the Supreme Court of Nevada, under No. 61444. However, the online docket records of that court reflect that the state supreme court dismissed that appeal for lack of jurisdiction, without deciding any issue on the merits, because petitioner had not appealed an appealable order. The

order noted that no statute or court rule authorized an appeal from an order declaring a litigant to be a vexatious litigant unless he complied with a court order.

In his show-cause response, petitioner does not identify any other proceeding in the Supreme Court of Nevada in which his claims have been exhausted through to a final decision by the state supreme court. He instead refers to a currently pending appeal in that court under No. 63585. He does not challenge the proposition that none of the claims in his petition currently are exhausted. Rather, he seeks a stay of the federal proceedings pending the completion of the proceedings in the state supreme court in No. 63585, which were initiated on July 15, 2013.

## II.     GOVERNING LAW

The Court may raise issues of exhaustion *sua sponte*. *See, e.g., Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988). Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731(1991).

///

///

2

A petition that is completely unexhausted is subject to immediate dismissal. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001).

**III.   DISCUSSION**

It is undisputed that none of the claims in the petition have been exhausted through to a final decision by the Supreme Court of Nevada either on the merits or applying a state procedural bar. Under established law, a federal petition that is wholly unexhausted may not be stayed and must be dismissed immediately. *Rasberry*, *supra*; *Jiminez, supra*; *see also Jones v. McDaniel*, No. 08-15458, 2009 WL 890915, slip. op. at **1 (9th Cir. April 2, 2009).

The present petition therefore will be dismissed without prejudice for lack of exhaustion. The Court expresses no opinion as to whether the proceedings in No. 63585 will exhaust the claims in the current federal petition.

**IV.   CONCLUSION**

IT IS THEREFORE ORDERED that the petition shall be DISMISSED without prejudice for lack of exhaustion.

IT IS FURTHER ORDERED that all pending motions are DENIED as moot following upon the dismissal of the action without prejudice.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED. Jurists of reason would not find the dismissal of the wholly unexhausted federal petition without prejudice to be debatable or wrong, for the reasons discussed herein.

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED THIS 22nd day of August 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE